This next case is case number 4-17-0306. People v. Joshua Krueger. Counsel, could you identify yourself for the record, please? It's Michael Sukup. Counsel, could you identify yourself? Thank you. Mr. Sukup, are you ready to proceed? I am. You may. May it please the Court. The question in this case is whether Joshua Krueger's convictions violated the double jeopardy clause.  The focus ends up on the effect of the circuit court's acquittal on all counts before Joshua Krueger was tried again. There's multiple reasons why that acquittal should have stood and then barred his subsequent trial and convictions. Before addressing double jeopardy specifically, I'd like to explain why the circuit court's initial acquittal should have stood. Hasn't this all been argued before? The specific question about the nature of the state's notice of appeal was addressed before. But the argument raised here is that if the appellate court did not have jurisdiction, that's a void order that can be challenged at any time. And in addition, Martinez v. Illinois, which has to do with double jeopardy specifically, also is something that was not part of the calculus at that point, even because Joshua Krueger had not been put into jeopardy a second time at that point. So this case is not identical to what had been decided before. And like I said, there's multiple reasons why that initial acquittal should have stood. The state's notice of appeal was not timely filed, and that's clear from the record. And the court is aware of the facts, but there's a few that I think would concisely explain how that's the case. Defense counsel filed a motion to suppress, seeking to exclude certain physical pieces of evidence, including a chrome casing. And he asked that findings from any of those items that were illegally seized should be suppressed. The order next, the circuit court ruled on that motion, in finding that the blood swabs and items that were in plain view would not be suppressed, but items not in plain view would be. And as part of an oral ruling, the parties asked the circuit court judge, defense counsel specifically, to make it very explicit what was not in plain view. And defense counsel referred, and the prosecutor was there, obviously, and the prosecutor asked defense counsel to what items they were referring to, and he referred to the page of his motion that included the chrome casing. And the judge made clear at that point that the chrome casing was not in plain view and would be part of its suppression order. Subsequently, there was a motion to eliminate filed by defense counsel, because not seeking to do anything differently from that suppression order, but in response to things that the state had done in a co-defendant's trial, separate trial, concerning statements that had been made to the media about DNA evidence from that chrome casing. And defense counsel did not want, you know, the jury was ready to go. The defense counsel did not want the jury or to have what the state had done in a separate co-defendant's trial to have any impact on Joshua Kruger's trial. And the state did not, in response to that, the state did not say that there was anything, you know, there was nothing new presented or anything like that, except that the state said that it was confused about the court's prior order. But as I've just set forth, this prior order did suppress the chrome casing and findings from any items that were from those illegally seized pieces of evidence. The circuit court, who was in an ideal position to understand exactly what the nature of its orders were and what the parties were seeking to do, found that what the circuit, what the state was attempting to do was just reconsider what it had ruled before. In fact, that's what the state said, would you please reconsider your prior ruling. But it was, as the circuit court recognized, it was clearly beyond the 30 days time period when that request was made. And the law is clear that there's only one exception to the 30 day rule, which is the Taylor rule. And that involves a material change in facts that could not have been presented earlier with due diligence. And there's nothing about that day of trial, the defendant's motion eliminate, that is a material change in the facts that could not have been presented earlier. Counsel, I don't want to be redundant, but isn't, well, the argument you're making, isn't that exactly what this court addressed in its 2002 order? If not, how's it different? Well, my response would be this, which is that the circuit, that the prior court, this court's prior order did not, the facts, perhaps there was facts that I just elicited that were overlooked, that the conclusion from looking at the record is clear that the appellate court's determination that the notice of appeal was timely filed was not in line with the record. And if that is the case, and that is the argument, then it's not just something that we're trying to re-litigate over and over again. It has jurisdictional implications. And the law is clear that if a void order can be challenged at any time. And that is what is occurring here. And again, you know, the other part to this case is the double jeopardy argument. Now, as I said before, double jeopardy was not part of that appeal. And by nature of the court's order, it didn't get to double jeopardy. But recent, like I said earlier, Martinez v. Illinois changes the landscape in Illinois about what constitutes double jeopardy in circumstances that occurred in this case. Now, in that initial appeal, you know, there had not been a second jeopardy yet. And that is part of what's different about this case. But again, getting to double jeopardy is just part of what's going on here. And that is, you know, what about this court's prior order? And when reviewing the record, it's clear that the state's notice of appeal was untimely. Hasn't that been decided? There was a decision that it was timely. But that decision... And I think maybe the Supreme Court had an opportunity to consider that. They did have a petition... They denied the petition. How many times has this case been up on? There's no numerical limit on justice. But at the same time, if you start counting the number of times that this case has been up and the number of petitions for rehearing that have been denied, one would think that it could be laid to rest. Well, again, the issues raised in this appeal are specific to this case. And they do differ from what was litigated way back in that initial state's appeal. And so this is not... The issue about the impact of Martinez on this and whether this prior court's appellate court order was void has not been... That is unique to this case. Have you shown us that whatever the ruling was in Martinez, that it's retroactive? Or do we automatically assume that? Well, I don't know that as part of the briefing before this court, the issue of retroactivity has been determined. But, again, that's where these... If you're relying on that case, wouldn't you be obligated to tell us that this ruling is retroactive and applies to Mr. Pruden? Well, we believe it does because... I understand that, but wouldn't you be obligated to brief that and explain that? Well, there's two responses to that. One is the court in Martinez, the U.S. Supreme Court, said that it was not announcing anything new, but that Illinois had been getting it wrong time and time again. So, in terms of retroactivity, again, this is why there's two parts to this argument, which is if... Part of getting to double jeopardy is the effect of the circuit court's acquittal. And part of that, you can't look at the effect of that acquittal without getting back into the state's notice of appeal. And whether it is facts that may have been overlooked and there's cases... Another aspect... So, in terms of... Just to make sure I've answered your question, which is... Again, Martinez never said it was announcing something new. And because our argument advances that we can go back to the circuit court's acquittal because of the void order by this court if the state's appeal was not timely. That's how we can reach back and pursue this issue in terms of whether there was a double jeopardy violation. Doesn't a higher court have to tell us that we were wrong about it being untimely before you get to do that? And haven't courts of review had the opportunity to address this and not done so? Well, and I cited this in my brief, which is the denial of a petition for leave to appeal to the Illinois Supreme Court is not binding. I understand that. But... And again, this is not... The procedural posture and the landscape of cases is different than what had happened before. That PLA is not going to look like what is being pursued here. There's another aspect about going back to this court's order, which is... The state had argued in the circuit court that once it filed its notice of appeal, that was it. And it was up to the appellate court, courts of review, to determine whether that notice of appeal was any good. But that's in conflict with, as I've cited in my brief, people v. Benda, which says in that case the court was specifically asked by the state to determine that a circuit court, once it's given a notice of appeal, it has nothing more to do. There's nothing more. It can't determine whether it's timely or not. And the court in Benda said no to that. And so another aspect to this case that is not precisely what this court considered before, which is that the circuit court, when it got the state's notice of appeal in this case, determined, based on its understanding of the record, hearing the arguments from the state about it, that it was simply just trying to make an end run about the requirement that they file its notice of appeal within 30 days. And if the court, as the court determined in Benda, that if it has any say about the determination of that, the validity of that notice of appeal, then this court's prior order should have given some deference about that circuit court's determination. And I think that that was not, I think the circuit court, this court's order doesn't give that deference that the circuit court is due as was determined in people v. Benda. I want to touch a little bit about the double jeopardy and the attachment of jeopardy. Clearly, jeopardy ended when the circuit court found Mr. Kruger not guilty. But in terms of the attachment of jeopardy, as I've said, Martinez looms large about that question, and that is something that was not present before, which is that when the state refuses to participate, that does not prevent the jeopardy from attaching. That there's prior decisions of this state. Practitioners had understood that if the state did refuse to participate, there was no real jeopardy that the defendant was put into. But Martinez said that has never been something that we have held that is not a recognized exception. And I've also cited another case, Vollemeier, in my brief, where that concerned not a jury trial, but a bench trial, where the court was to hear stipulated evidence. And the question was whether, at what point did the state, did jeopardy attach? And the court said there that jeopardy attaches when the court is called upon to decide guilt or innocence. And I think the record here is clear that the state was, you know, even the circuit court judge asked the state, are you dismissing the charges? Are you annulling the charges? And the state said, no, we're refusing. They made clear they were refusing to participate. They were doing nothing. And the state and the court, which had the discretion, which was not abused here to say, I don't find that your notice of appeal is, you know, falls within the Taylor rule, so to speak. That is, there was nothing new, there was no material change in facts that could not have been presented earlier with due diligence, that the state was just attempting to make an end run about its failure to challenge the court's prior order suppressing evidence. By doing so, the circuit court was in a position to say, I still have jurisdiction, and we're proceeding with the case. But for the state's refusal to participate, there was no evidence presented, but that does not, again, the rule is from Ballmeyer's Jeopardy Attaches when the court is called upon to decide the guilt or innocence, and the court clearly was ready to do so. And the state run the risk of saying, by filing this notice of appeal, you're done here, you can't do anything. So, for all these reasons, and I understand that this court has, there's been a prior appellate court order about this case, but there's different circumstances available here, and I think that, including Martinez, I also think that there's things that when, that perhaps this prior, this court's prior order overlooked, and I think the point that I was just explaining about the circuit court's having some deference to its discretion about how to address the state's notice of appeal was perhaps not provided in that prior appellate court order. For all those reasons, this court does have the power to find that its prior order was void, that it did lack jurisdiction, and that Jeopardy did attach and did end, and that Joshua Kruger's right to be free from double jeopardy was violated here. Unless there's further questions, I'll... I don't see any questions. Okay, thank you. Thank you. Counsel? Counsel? Okay, please support. Counsel? The issue here is not whether there's a double jeopardy violation. The issue is whether or not defendant has established leave to file the successive petition that makes that claim. Defendant's double jeopardy claim cannot be addressed unless he meets his, his burden of obtaining leave to file his successive petition alleging that claim. And whether defendant has met that burden is judged by what he alleged in his motion, not on appeal, and this court reviews the denial of that motion to no avail. So the only ground that defendant alleged in his motion for leave to file a successive petition was that this court's 2002 ruling vacating the trial court's judgment finding him not guilty is void because, as he alleged in his motion, this court was clearly wrong in finding that the state's notice of appeal was timely on grounds that, quote, it was unclear that the chrome casing was suppressed until November 1st, 2000, close quote. This court, however, did not make that finding. Instead, this court found our jurisdiction in this appeal does not depend on whether the trial court first suppressed the chrome casing on August 28th or November 1st. That issue is irrelevant to deciding whether the state timely appealed the November 1st order with respect to the DNA test result, which is a distinct item of evidence apart from the chrome casing. This court stated it was not clear the DNA test results from the chrome casing were suppressed until the November 1st order. Therefore, it found the state's notice of appeal of the November 1st order is timely. So defendant's motion for leave to file a successive petition, therefore, relies and fails on his mischaracterization of this court's 2002 ruling. His motion does not allege actual innocence or cause of prejudice. Instead, he relies on the rule that a judge, a void judgment may be attacked at any time. Judgment was not void. The only allegation that he made in his motion to support that argument mischaracterizes this court's ruling. This court can't affirm the denial of his motion for leave to file a successive petition on that ground alone. Now, of course, defendant contends that his double jeopardy claim is viable even if the state's notice of appeal was sufficient. Contrary to defendant, because the state's notice of appeal was sufficient, this court's 2002 ruling vacating the trial court's guilty judgment is not void. His successive petition can't be filed. His double jeopardy claim can't be considered. Contrary to defendant, his double jeopardy claim does not override the Post-Conviction Hearing Act's requirement that he does not override the voidness and nullity of a trial court's conduct when it acts without jurisdiction. Defendant misapprehends the distinction between an erroneous judgment, which is entered by a court which has jurisdiction, and a void judgment, which results where jurisdiction is lacking. Unlike in the cases that defendant cites, here the state's timely filed notice of appeal divested the trial court of jurisdiction. It made the trial court's conduct after the filing of the notice of appeal not merely erroneous, but null and void. The cases defendant cites are an opposite and do not help him, both because in them, unlike in this case, there was no question that the trial court had jurisdiction, and also because in those cases, unlike in this case, jeopardy attached. Again, the double jeopardy issue cannot be reached unless defendant has met his burden in the trial court of obtaining leave to file his successive petition. I address the double jeopardy issue only because defendant argues on appeal that it may be addressed despite his failure to meet his burden to file his motion. In my brief, I argued that the trial court lacked jurisdiction to swear the jury or to enter its not guilty judgment, and that jeopardy thus did not attach. Yesterday, opposing counsel acknowledged my email, in which I notified him that in today's argument, I would add that jeopardy did not attach because the jury was never sworn, no witnesses were called, and no evidence was presented. Here, the trial court only scheduled jury selection. It did not swear the jury. Unlike in Martinez, the jury was not sworn, no witnesses were called, no evidence was presented at defendant's subsequent bench trial, and unlike in Martinez, Evans, and the other cases on which defendant relies, jeopardy didn't attach. And also in those cases, there's no question that the trial court's had jurisdiction. Now, defendant failed to make the cause and prejudice motion, or failed to make in his motion for leave to file a successive petition the cause and prejudice argument that he makes on appeal, relying on Martinez. It's forfeited because he didn't make it in his motion. The court is not in a position to say that leave to file a successive petition was erroneously denied based on a ground that was never argued to the trial court. And even if he had made that argument in his motion, he could not have established cause because Martinez is an amphisit, does not support his double jeopardy claim, and he also could not have established prejudice because there was no double jeopardy violation. As for his defendant's reliance on Benda, a reviewing court has an independent duty to consider its jurisdiction and to dismiss an appeal if it finds jurisdiction does not exist. Neither Benda or any other case gives the trial court the last word on whether or not it has subject matter jurisdiction. Defendant's argument to the contrary in his claims that the trial court had discretion to decide it had jurisdiction and that the trial court's finding to that effect is due deference on appeal are completely unsupported and contrary to the very ground on which he seeks to file a successive petition that avoid judgment may be challenged at any time. None of the cases that defendant relies on help him. They're distinguishable. The main reason that they're distinguishable is that in this case jeopardy never attached and there's no question that the trial court did not have jurisdiction or that, yes, that the trial court did not have jurisdiction. Leach, which defendant also cited, doesn't help him because in that case there were two cases involving evidence that came from the same arrest. There was a ruling of collateral estoppel in a later case, which the appellate court found was the equivalent of a suppression order. And because the state did not appeal that order within 30 days, the appellate court found it lacked jurisdiction to consider that order. Here we don't have that situation at all. As this court ruled and as the record shows, there were two distinct items of evidence, the chrome casing and the DNA test results. There was no motion for collateral estoppel or any order granting it and, in fact, after this court in 2002 determined that it had jurisdiction to decide the merits of the state appeal and vacated the trial court's judgment of not guilty as void, this court ruled that the appellate court was violating the suppression of the chrome casing. Leach is entirely distinguishable, contains nothing which would help the defendant. This court did not lack jurisdiction to make its 2002 decision. Defendant has not carried his burden to obtain leave to file his successive post-conviction petition. His double jeopardy claim, therefore, cannot be considered and this court should affirm the trial court's judgment. Thank you, counsel. Rebuttal argument? No, the state does make some arguments about the double jeopardy clause and the impact of Martinez. But essentially they're arguing what they argued in their brief, which is this court determined this question before and the case is over. But I urge the court to, the court has reviewed the briefs. I've made the points today about how this court's prior order is not identical to what is going on here. And I just, the state, one factor that may be going on here is the state said that the DNA evidence is a distinct piece of evidence from the chrome casing and it's not. And I just outlined, I don't want to repeat myself too much. But defense counsel's motion to suppress sought to suppress the chrome casing and findings from any items that were illegally seized, such as the chrome casing. And that is what the circuit court ruled was suppressed. And the state was there when that was made, when that was sought to be clarified. So, again, this court's prior order, finding that the state's notice of obstruction of justice, notice of appeal was timely, is subject to challenge here because that is not consistent with the record and therefore it is void. It's not a distinct piece of evidence, as I said. And that's part of the issue there. And again, the state says that there's no basis to say that the circuit court has any discretion in terms of whether the notice of appeal was submitted. But that is precisely the issue in VENDA. And so if this court were to accept the state's argument, that would be inconsistent with VENDA. It would also be inconsistent with common sense in that if the state's notice of appeal was utterly clear that it was untimely filed, that's just a way to stop the proceedings and that the circuit court has no say in that such a notice of appeal was untimely. And that's exactly what the circuit court did here. It recognized that that notice of appeal was not timely and that it could continue to act. And there's nothing inconsistent about that in terms of VENDA and that the court does have the power to make that determination. And again, that may be something part of what this court had not considered previously. The state says that the motion filed in the circuit court did not meet the requirements for seeking leave to file. It's clear that a void order is something that allows a successive post-conviction petition to be considered. And again, I've outlined why that's so. The Martinez claim, that was included in the successive post-conviction motion. Now, the basis for getting leave to file was that this court's order was void for the reasons I've explained. But Martinez was part of that motion. The impact of Martinez is part of that motion. The circuit court said, I'll just assume cause and find that there's no prejudice because as the state has argued, their position is we don't even get to double jeopardy because the circuit court, the state's notice of appeal was timely. The state says that there's, to the extent they do argue double jeopardy, the state says that, well, there was no jury involved just like there was in Martinez, no jury sworn, but that doesn't matter. That's not how jeopardy attaches. And that's what I've cited in my brief with Ballmeyer. And the state just doesn't address that. The state argued Leach here. And Leach, the impact of Leach is if the circuit court is addressing its prior order again in another manner, that doesn't invite the state to then challenge that prior suppression order later. And that's what part of may have been the conclusion of this court previously, which is that motion in Lemonade was seeking to enforce a prior order. It wasn't seeking to do anything different. And so that's exactly what the state was asking to do. Please reconsider your decision. And the decision in Leach is supportive that by defense counsel moving to make that clear for the court for the trial that was to come, that that doesn't allow the state to, it doesn't invite the state to relitigate the past beyond the 30 days. Again, the rule is the Taylor rule, and the state has never made any position now or way back when, when the circuit court decided to disregard the state's notice of appeal. There's been no meeting of that exception beyond the 30 days. Unless the court has any questions. Thank you.